Turley, J.
delivered the opinion of the court.
It appears from the bill and answer in this case, that Elizabeth May departed this life, in Christian county, State of Kentucky, about the month of May, 1840, having previously made and published her last will and testament, bearing date 28th day of February, 1840, by which she appointed the defendant, Joel Parrish, her executor, who proved the will and took out letters testamentary at the July term, 1840, of the County Court of said county of Christian.
By this will, the testatrix directed that all her negroes, viz, the complainants, should be emancipated at her death.
After her death, the defendant removed the negroes from the State of Kentucky to the county of Sumner, State of Tennessee, the former place of residence of the testatrix, previous to her removal to the State of Kentucky, where they have been ever since kept by, and hired out by him; and this bill is now filed on the part of the negroes, to have a decree *123 of emancipation, in pursuance of the will and for other and further relief, under the specific prayer of the bill.
We hold, that we have no power to grant relief — if slaves are directed to be emancipated in another State, and the direction be not of itself an emancipation, but some act required to be done, by the judicial tribunals of this State, before the emancipation is complete; they cannot be brought to this State for the purpose of being manumitted by our laws; but if the direction for the emancipation of these slaves, given by the will in the State of Kentucky, be of itself a complete emancipation of them, under the general prayer for relief, we can declare them to be free here, and give them such relief, as to the proceeds of their labor, during the time they have been wrongfully kept in servitude here, as may be consistent with their rights. This makes it necessary to inquire what the laws of Kentucky are upon this subject.
By the act of 1798, s. 27, of the statute laws of Kentucky, (Morehead & Brown’s Digest, Title 68, page 608,) it is provided, that “it shall be lawful for any person, by his or her last will and testament, or by any other instrument in writing under his or her hand and seal, attested and proven in the County Court by two witnesses, or acknowledged by the party in the court of the county where he or she resides, to emancipate, or set free, his or her slave or slaves, who shall thereuponjbe entirely and fully discharged from the performance of any contract entered into during his servitude, and enjoy as full freedom as if they had been born free.”
And by the act of 1800, (same book, 609,) it is provided that “any person of the age of eighteen years, being possessed of or having any right to any slave or slaves, may, by his or her last will and testament, or by "any other instrument of writing, emancipate such slave or slaves.”
These acts are conclusive upon the subject, and establish beyond a doubt the right of the'complainants to as full freedom in the State of Kentucky, as if they had been born free, from the date of the probate of the will, in Christian county.
The provision of the act of 1799, which gives the County Court full power to demand bond and security of the emancipator, his or her executors or administrators, as the case *124 may be, for the maintenance of any slave or slaves that maybe aged, or infirm, either of body or mind, to prevent his, her, or their becoming chargeable on the county, is not a judicial act necessary to perfect the emancipation, but a mere police regu lation, the non-performance of which does not affect the right to freedom acquired under the statute.
We are, therefore, of opinion that thése complainants are free persons of color, who have been wrongfully removed from Kentucky into this State, and that the defendant is chargeable to them for all sums of money, or' other things, received by him, the proceeds of their labor, during the time he has had them in his wrongful possession, and that he account for the same. Decree accordingly.